## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **LUV N' CARE, LTD.,** | Civil Action No.: 3:17-cv-01592 |
| *Plaintiff,* | |
| versus | Honorable Judge Robert G. James |
| **PRECIOUS MOMENTS, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Luv n' care, Ltd. ("LNC" or "Plaintiff"), for its Complaint for Declaratory Judgment against Precious Moments, Inc. ("PMI" or "Defendant") alleges, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

This is an action seeking a declaratory judgment of non-infringement and invalidity of Trademark Registration No. 2,288,646 ("Defendant's Trademark"), owned by Defendant for a configuration of teardrop-shaped eyes on the face of a doll. Defendant has accused Plaintiff's Prayer Pal of infringing Defendant's Trademark. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

1. Plaintiff LNC is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2. Defendant PMI is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 4105 Chapel Road, Carthage, Missouri 64836.

## JURISDICTION AND VENUE

3. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. This Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§ 2201 and 2202, as well as Rule 57 of the Federal Rules of Civil Procedure, because an actual and justiciable controversy between Plaintiff and Defendant regarding the allegation that Plaintiff's Prayer Pal allegedly infringes Defendant's Trademark.

6. This Court has personal jurisdiction, consistent with the Due Process Clause of the Fifth Amendment to the U.S. Constitution, over Defendant and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c).  Upon information and belief, Defendant purposely sells products into the stream of commerce with the expectation that those products will be sold in retail establishments located within the State of Louisiana and within this Judicial District.  Upon further information and belief, Defendant is transacting business within the State of Louisiana, as interpreted under La. R.S. § 13:3201, by selling products to retailers located within the State of Louisiana and this Judicial District for resale to residents of Louisiana and owning, operating and/or controlling a highly interactive, transactional retail website at www.preciousmoments.com which website is available to the residents of Louisiana with access to the internet who can then order and have delivered and have ordered and had delivered products offered on Defendant's website.

## **STATEMENT OF FACTS**

7. Plaintiff LNC was founded in Monroe, Louisiana by Mr. Nouri Edward Hakim who, in the 1980's, invented and commercialized a revolutionary no-spill cup. Both before and since that time, Plaintiff has continued in business as a designer and seller of innovative, high quality attractive products for babies, small children and mothers. Based on its innovative, high quality and attractive designs, Plaintiff is now known as one of the leading baby product companies in the world.

8. Plaintiff's products are primarily sold throughout the United States and foreign countries in conjunction with the well-known NUBY registered trademark owned by an affiliate and licensed to Plaintiff.

9. Plaintiff has its headquarters in Monroe, Louisiana where it conducts most of its business, maintains its corporate books and records, and where most of its employees, officers and directors are located.

10. Among the numerous products created, designed and sold by Plaintiff over the years is the Prayer Pal which has recently become the subject of allegations of alleged trademark infringement by Defendant.

11. Plaintiff' received a letter, dated August 31, 2017, sent by certified mail, from Derek P. Martin, Esq., of Martin & Associates, L.L.C., a true and correct copy of which is attached as Exhibit A. Mr. Martin's letter, purportedly sent as the law firm representing Defendant, alleges that the "use of teardrop-shaped eyes" on Plaintiff's Prayer Pal "is an infringement of PMI's registered trademark for teardrop-shapes [sic] eyes on dolls." *See* Ex. A.

12. As revealed in Mr. Martin's letter, Defendant is acting at the behest of one of its current licensees in an effort to remove Plaintiff's Prayer Pal from retailer shelves including Meijer

stores because "your unauthorized products and my client's licensed products are being sold in the same store."

13. Defendant's Trademark "consists of a configuration of teardrop-shaped eyes on the face of a doll," incorporating the following specific features:

> Each teardrop-shaped eye is shown with two eyelashes on the upper tip of the teardrop. A large iris dominating most of the eye, a small round pupil, and a small thin rim at the base of the teardrop representing the eyes sclera.

*See* Defendant's Trademark attached as part of Ex. A.

14. The configuration and composition of the eye used on Plaintiff's Prayer Pal product does not fall within the scope of the specific eye configuration upon which Defendant's Trademark was granted and differs in significant, non-infringing ways.

15. The eye configuration used in Plaintiff's Prayer Pal does not infringe, and has not infringed, Defendant's Trademark.

16. Plaintiff is not required to obtain authorization from Defendant to offer for sale and sell the Prayer Pal with the current eye configuration.

17. Defendant's Trademark is functional.

18. Based upon Mr. Martin's letter and subsequent threatening actions by Defendant, Plaintiff has a reasonable apprehension that Defendant will sue Plaintiff, or Plaintiff's customers, for alleged infringement of Defendant's trademark.

## **CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

19. Plaintiff repeats and realleges each and every allegation contained in the preceding and subsequent paragraphs in this Complaint as if fully set forth herein.

20. Defendant has threatened Plaintiff with the filing of a trademark infringement action involving Defendant's Trademark and Plaintiff's Prayer Pal.

21.     Plaintiff's Prayer Pal does not infringe Defendant's Trademark.

22.     Plaintiff is not required to pay damages to Defendant, cease the offer for sale and sale of the Prayer Pal, or attempt to have its customers cease and desist from the sale and remove the Prayer Pal from their shelves as Defendant has demanded.

23.     Defendant's Trademark is functional and, therefore, invalid.

24.     Plaintiff has a reasonable apprehension that it will be sued for trademark infringement by Defendant.

25.     An actual, immediate, substantial and justiciable controversy exists regarding alleged infringement of Defendant's Trademark by Plaintiff's Prayer Pal.

26.     A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties with respect to Defendant's trademark.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff prays for relief and entry of judgment by this Court as follows:

A.     That an Order be entered declaring that Plaintiff has not and does not infringe Defendant's Trademark;

B.     That an Order be entered declaring that Defendant's Trademark is invalid;

C.     That an Order be entered granting Plaintiff its costs, disbursements in this action, including its reasonable attorneys' fees; and

D.     For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: December 8, 2017          Respectfully submitted,

/s/ Robert M. Chiaviello, Jr.
Robert M. Chiaviello, Jr.
Texas State Bar No. 0249120
Louisiana State Bar Roll No.: 37370
E-Mail: bobc@nuby.com

Joe D. Guerriero
Louisiana State Bar Roll No.: 06391
E-Mail: joed@nuby.com

3030 Aurora Avenue
Monroe, LA 71201
Telephone: (318) 410-4020
Facsimile: (318) 388-5892

*Attorneys for Plaintiff Luv n' care, Ltd.*